IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FILED
JUN 1 2 2007
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

MICHAEL WALLACE,

    Plaintiff,

v.                                   CIVIL ACTION NO. 5:07-0379

RALEIGH COUNTY HOUSING
AUTHORITY, a housing corporation
in the State of West Virginia;
FAYETTE HILLS LIMITED
PARTNERSHIP, a West Virginia
Limited Partnership; ENCORE
MANAGEMENT COMPANY, INC.,
a foreign corporation; TONY BAZZIE,
in his official capacity as Executive
Director of the Raleigh County
Housing Authority; and SUE
RICHMOND, in her official
capacity as manager of the Fayette
Hills Apartments,

    Defendants.

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff is a resident of housing developed through United States Department of Agriculture funding for low-income people, including disabled adults. He also is the beneficiary of a Section 8 Voucher issued by the Raleigh County Housing Authority, which provides him a subsidy in connection with his rent payments. He brings this action to prevent his eviction from his home and to

1

obtain redress for defendants' illegal discrimination, based on his actual and perceived disabilities, in violation of the Fair Housing Act and other civil rights laws.

2. The defendants have illegally discriminated against plaintiff by not providing him with reasonable accommodations that would allow him to live on his own in the Fayette Hills Apartments. Each defendant's actions violate the Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act of 1973.

3. Plaintiff seeks declaratory and injunctive relief to ensure that he is not subjected to ongoing and future discriminatory actions, and appropriate damages.

## II. PARTIES

4. Plaintiff Michael Wallace is 31 years of age. Since April 1, 2006, he has lived at Rt. 2, 75 Laurel Place, Apt. 4H, Fayette Hills Apartments, Fayetteville, West Virginia. His only incme is from SSI disability benefits in the amount of $623.00 per month. He has resided at Fayette Hills Apartments pursuant to a Lease Agreement and a Section 8 Voucher subsidy, whereby his portion of the rent is only $195.00 per month with the remainder of the $404.00 lease rate being paid by the Raleigh County Housing Authority. Plaintiff was to receive a utility

2

allowance of $56.00 per month, which was applied toward his share of the rent, leaving him with a balance due each month of $139.00.

5. Defendant Raleigh County Housing Authority (hereinafter "RCHA") is a non-profit West Virginia Corporation housing authority, organized under the provisions of *West Virgina Code* § 16-15-1, *et seq.*, which owns both public housing in Raleigh County, West Virginia, and provides Section 8 Voucher services to low-income residents of Raleigh, Fayette, Nicholas and Webster Counties in West Virginia. RCHA subsides plaintiff's rent through the Federal Section 8 Voucher Program which it administers locally. Prior to moving into his apartment, RCHA inspected the subject dwelling unit and found it to be suitable for plaintiff to live in. RCHA receives federal money from the United States Department of Housing and Urban Development for the § 8 Voucher program.

6. Defendant Fayette Hills Limited Partnership is a limited partnership organized under the laws of the State of West Virginia; and is the owner of the Fayette Hills Apartments in which plaintiff resides. It receives Federal funds.

7. Defendant Encore Management Company, Inc., is a corporation organized under the laws of the State of West Virginia, and authorized to do business in the State of West Virginia; and is the management company which manages the Fayette Hills Apartments in which plaintiff resides. It receives Federal funds.

8. Defendant Tony Bazzie is the Executive Director of the Raleigh County Housing Authority, and is the final authority for all official actions of that organization. He is being sued in his official capacity.

9. Defendant Sue Richmond is an employee of defendant Encore Management Company, Inc., and acts as the agent of defendant Fayette Hills Limited Partnership. She is employed as the site manager for the Fayette Hills Apartments in which plaintiff resides. She is being sued in her official capacity.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction over this cause under 42 U.S.C. §§ 1331, 1343, and 3612.

11. Venue is proper in that all claims alleged herein arose in Raleigh and/or Fayette County, West Virginia.

## IV. FACTS

12. Plaintiff Michael Wallace is a person with disabilities, and receives SSI disability benefits on account of those disabilities. He has been diagnosed as suffering from catatonic schizophrenia, borderline bipolar condition, and adult attention deficit disorder (hereinafter "ADD").

4

13. Although plaintiff can function on his own, he needs some assistance and reasonable accommodation in order to do so. In particular, he has trouble with following through on obligations and maintaining an orderly apartment.

14. Plaintiff moved into the Fayette Hills Apartments pursuant to a Lease Agreement which he executed on April 1, 2006. See, the Lease Agreement which is attached hereto as Exhibit A, and incorporated herein by reference.

15. In February, 2007, plaintiff was asked to recertify by defendant Richmond. Although he provided proof of his income, he did not complete some other required documentation, including forms regarding his student status and other matters which are not strictly relevant to his situation.

16. In addition, at approximately the same time, agents of defendant RCHA inspected the apartment in which plaintiff resides, finding it defective from a cleanliness perspective. Upon reinspection, the RCHA agent was unable to gain entry.

17. Thereafter, on March 7, 2007, defendant Richmond sent Notice Of Termination of plaintiff's tenancy, asserting a grounds therefor three violations of the Section 10, Paragraph B, Line 1, which provides that the Tenant agrees to: "Keep the unit clean and sanitary including grounds and or common areas immediately outside the unit." Plaintiff was ordered by defendant Richmond to vacate by midnight on April 7, 2007. Such Notice Of Termination was invalid

5

under West Virginia law in that it did not provide at least a full rental period of notice, rent being due on the 1st day of each month pursuant to Section 4 of the Lease Agreement. See Exhibit B attached hereto and incorporated herein by reference; Exhibit A.

18. By letter dated March 9, 2007, Marie Clay of the RCHA advised plaintiff that his rental subsidy was being terminated due to the eviction notice given to him by his landlord. See Exhibit C attached hereto and incorporated herein by reference.

19. Plaintiff contacted defendant Richmond regarding the termination notice he had received, even though that Notice Of Termination did not advise him of his right to an informal conference. By letter of March 16, 2007, defendant Richmond reaffirmed her determination to terminate plaintiff's tenancy. See Exhibit D attached hereto and incorporated herein by reference.

20. Plaintiff further contacted Marie Clay within the ten days allowed by the termination of subsidy letter. Nevertheless, by letter of March 16, 2007, Marie Clay also wrote plaintiff to tell him the termination of his rent subsidy would stand. See Exhibit E attached hereto and incorporated herein by reference.

21. On April 18, 2007, defendant Richmond filed suit on behalf of defendant Fayette Hills Limited Partnership, seeking the eviction of plaintiff on the grounds of failing to keep the unit in a clean and sanitary condition.

22. On April 20, 2007, through counsel, plaintiff made requests for reasonable accommodations for his disabilities to both defendant Richmond and Marie Clay, indicating that he needed the assistance of homemaker services to assist in keeping his apartment appropriately clean. See Exhibits F and G attached hereto and incorporated herein by reference.

23. On April 20, 2007, through counsel, plaintiff removed the eviction action to the Circuit Court of Fayette County. Thereafter, defendant Richmond retracted plaintiff's Notice Of Termination and agreed to dismissal of the eviction action, which subsequently was dismissed. See Exhibits H and I attached hereto and incorporated herein by reference.

24. On April 30, 2007, defendant Richmond sent plaintiff another invalid Notice Of Termination alleging arrearage in rent of $566.00, which arrearage came as a result of RCHA not paying its share of the monthly rent, defendant Richmond's refusal to accept the tender of plaintiff's share of the rent, and defendant Encore Management Company, Inc., improperly raising plaintiff's rent to an amount above that paid by plaintiff and RCHA combined. See Exhibit J attached hereto and incorporated herein by reference.

25. On May 4, 2007, through counsel, plaintiff clarified his request for reasonable accommodations to defendant Richmond and defendant Bazzie to include a request to allow a late re-certification, in that the failure to completely

7

re-certify was due at least in part to plaintiff's mental disabilities. See Exhibit K attached hereto and incorporated herein by reference.

26. Defendant Bazzie responded by letter on May 11, 2007, saying that reasonable accommodations had been made for plaintiff prior to his termination from rental assistance. Plaintiff is now under threat of eviction.

27. If he is evicted, Mr. Wallace, who is an active, independent man and who would like to continue to live among his friends and community will, in all likelihood, have no housing options other than to seek congregate or institutional housing, or face homelessness.

28. Plaintiff has made arrangements to have supportive cleaning services for his apartment.

## FIRST COUNT

### (Federal Fair Housing Act – 42 U.S.C. § 3601, *et seq.*)

29. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28, above.

30. By the actions described in paragraphs 1 through 28, above, the defendants have violated the federal Fair Housing Act by: (a) Refusing to allow the requested reasonable accommodation of allowing plaintiff to secure social services to assist him with maintaining a clean household; and (b) Refusing to allow the requested reasonable accommodation of allowing plaintiff to

retroactively complete his re-certification so that he would be covered by the Section 8 Voucher at all times during his tenancy.

31. The law on these issues is well settled, and defendants acted in willful disregard for the rights of plaintiff.

32. As a proximate result of the defendants' conduct, plaintiff has suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury including, but not limited to, a deprivation of his rights to equal housing opportunity, humiliation, embarrassment, and emotional and physical distress.

33. In engaging in the unlawful conduct described above, defendants acted intentionally, willfully, maliciously, and with callous and reckless disregard of the federally protected rights of the plaintiff.

## SECOND COUNT

**(Title II of the Americans with Disabilities – 42 U.S.C. § 12131, *et seq.*)**

34. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33, above.

35. By the actions alleged in paragraphs 1 through 28, above, the defendants have violated hte federal Americans with Disabilities Act by attempting to exclude plaintiff from participation in or denying him the benefits of the housing services of the Raleigh County Housing Authority and the Fayette Hills Apartments, subjecting him to discrimination, utilizing criteria or methods of

9

administration that have the effect of subjecting him to discrimination, and effectively forcing him into an assisted living facility or other setting that is not the most integrated setting appropriate to his needs.

36. As a proximate result of the defendants' conduct, plaintiff has been damaged as set forth above. Plaintiff has suffered and will continue to suffer irreparable harm and damages as alleged herein.

## THIRD COUNT

### (Violation of § 504 of the Rehabilitation Act of 1973 – 29 U.S.C. § 794)

37. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 36, above.

38. By the actions alleged in paragraphs 1 through 28, above, the defendants have violated the Rehabilitation Act by attempting, solely on the basis of the effects of his disabilities, to exclude plaintiff from participation in or denying him the benefits of the housing services of the Raleigh County Housing Authority and the Fayette Hills Apartments, subjecting him to discrimination, utilizing criteria or methods of administration that have the effect of subjecting him to discrimination, and threatening effectively to force him into an assisted living facility or other setting that is not the most integrated setting appropriate to his needs.

39. By the actions described in paragraphs 1 through 28, above, the

defendants have violated the Rehabilitation Act by: (a) Refusing to allow the reasonable accommodation of allowing plaintiff to secure social services to assist him with maintaining a clean household; and (b) Refusing to allow the reasonable accommodation of allowing plaintiff to retroactively complete his recertification so that he would be covered by the Section 8 Voucher at all times during his tenancy.

40. As a proximate result of the defendants' conduct, plaintiff has been damaged as set forth above. Plaintiff has suffered and will continue to suffer irreparable harm and damages as alleged herein.

### **Prayer for Relief**

**WHEREFORE**, under all the foregoing counts, plaintiff respectfully requests this Court to grant him the following relief:

A. Declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that the defendants have violated the federal Fair Housing Act, the Americans with Disabilities Act, and section 504 of the Rehabilitation Act of 1973.

B. Preliminary and permanent injunctive relief:

    1. Requiring defendants to restore plaintiff's Section 8 voucher retroactive to the date of its termination, to issue plaintiff a new lease, and to

refrain from pursuing any eviction actions against him based upon failure properly to clean his apartment or failure to recertify fully.

      2. Prohibiting defendants from failing to grant the reasonable accommodations requested by plaintiff to allow him to recertify retroactively and to allow him to utilize social services to assist him with maintaining cleanliness standards in his apartment.

      3. Prohibiting defendants from terminating plaintiff's tenancy without making such reasonable accommodations for his disabilities.

C. Granting appropriate compensatory and punitive damages be awarded to the plaintiff and against the defendants.

D. Granting costs in connection with this matter.

F. Granting such other and further relief as the Court deems equitable and just.

                                      **MICHAEL WALLACE**
                                      **By Counsel**

*/s/ Robert S. Baker*

Robert S. Baker, **WV Bar #218**
Legal Aid of West Virginia, Inc.
115B South Kanawha Street
Beckley, West Virginia 25801-5614
Telephone: 304-255-0561

Attorney for Plaintiff

# VERIFICATION

**STATE OF WEST VIRGINIA,**

**COUNTY OF RALEIGH, TO-WIT:**

The undersigned plaintiff named in the foregoing **COMPLAINT**, being duly sworn, says that the facts and allegations therein contained are true, except so far as they are therein stated to be on information and belief, and that so far as they are therein stated to be upon information and belief, plaintiff believes them to be true.

*Michael J. Wallace*
Michael Wallace

Taken, sworn to, and subscribed before me this the <u>11th</u> day of <u>June</u>, 2007.

My commission expires: <u>9-13-2010</u>

*Tamra Kennison*
Notary Public

NOTARY PUBLIC OFFICIAL SEAL
TAMRA KENNISON
State of West Virginia
My Commission Expires
September 13, 2010
HC 82 Box 37A
Rainelle, WV 25962